## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 22, 2021

LETTER TO COUNSEL:

RE:     *Taeshon S., on behalf of her minor child J.S. v. Kilolo Kijakazi, Acting*
        *Commissioner of Social Security Administration*
        Civil No. TJS-20-1731

Dear Counsel:

Plaintiff Taeshon S., on behalf of her minor child J.S. (the "child"), petitioned this Court to review the Social Security Administration's final decision finding that the child was not disabled under the Social Security Act. ECF No. 1. The parties have filed cross-motions for summary judgment (ECF Nos. 15 & 18). These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. See Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. See 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion, deny the Plaintiff's motion, and affirm the decision of the Social Security Administration. This letter explains my rationale.

On May 16, 2017, an application for supplemental security income ("SSI") was filed on behalf of the child. Tr. 12. The application alleged a disability onset date of June 1, 2015. *Id.* The claim was denied initially and on reconsideration. *Id.* A request for a hearing was filed on behalf of the child and an administrative hearing was held on June 24, 2019. *Id.* In a written decision dated July 25, 2019, an Administrative Law Judge ("ALJ") found that the child is not disabled under the Social Security Act. Tr. 12-27. The Appeals Council denied the request for review filed on behalf of the child (Tr. 1-3), rendering the ALJ's decision the final, reviewable decision of the Commissioner.

The ALJ evaluated the child's claim using the three-step sequential process for claims involving Children's SSI, as set forth in 20 C.F.R. § 416.924. Through this process, the ALJ first determines whether the child has engaged in substantial gainful activity. *Id.* § 416.924(a), (b). If so, the ALJ will find that the child is not disabled. If the child has not engaged in substantial gainful activity, the ALJ proceeds to step two and determines whether the child has a severe impairment or combination of impairments. *Id.* § 416.924(a), (c). If the child "do[es] not have a medically

---

[1] This case was initially assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. One July 30, 2021, it was reassigned to me.

determinable impairment, or [the] impairment(s) is a slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations," then the ALJ will determine that the child is not disabled. *Id.* § 416.924(c). However, if the ALJ determines that the child has a severe impairment or combination of impairments, the ALJ will proceed to step three to determine whether the child's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). *Id.* § 416.924(d).

An impairment medically equals the listings "if it is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 416.926(a). An ALJ may determine that the impairment medically equals a listed impairment if: (1) there are other findings related to the child's impairment, not included in the listing requirements, that are at least of equal medical significance to the required criteria; (2) the child has an impairment not described in the listings with findings that are at least of equal medical significance to those of a closely analogous listed impairment; or (3) if the child has a combination of impairments, none of which meets a listing, but which result in findings that are at least of equal medical significance to those of a closely analogous listed impairment. *Id.* § 416.926(b).

If an impairment neither meets nor medically equals a listing, an ALJ next considers whether the child's impairment is functionally equivalent to a listed impairment. *Id.* § 416.926a. The ALJ uses a "whole child" approach when making a finding regarding functional equivalence. SSR 09-1p, 2009 WL 396031, at *2 (S.S.A. Feb. 17, 2009). The ALJ begins this approach by considering the child's everyday functioning in all settings including "everything [the] child does throughout the day at home, at school, and in the community," as compared to children of the same age who do not have impairments. *Id.*; 20 C.F.R § 416.926a(b). The ALJ then uses six domains of functioning to assess the child's capacity to perform activities. SSR 09-1p, 2009 WL 396031, at *2. The six domains are "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1). A child's impairments functionally equal a listing if the child has a marked limitation in two of the domains or an extreme limitation in one domain. *Id.* § 416.926a(d). A marked limitation is when an impairment interferes seriously with the child's ability "to independently initiate, sustain, or complete activities" in a domain. *Id.* § 416.926a(e)(2). An extreme limitation is "more than marked" and will be found when an impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities" in a domain. *Id.* § 416.926a(e)(3). The claimant has the burden to demonstrate that the child's impairment meets, medically equals, or functionally equals a listing. *Mouzon on behalf of K.W. v. Saul*, No. 5:18-CV-357-FL, 2019 WL 4733543, at *4 (E.D.N.C. Sept. 27, 2019) (citing *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986); G*ray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011)).

In this case, the ALJ found that the child was a preschooler at the time the application was filed (in May 2017) and was a school-age child on the date of the decision. Tr. 15. At step one, the ALJ found that the child has not engaged in substantial gainful activity since May 16, 2017, the application date. *Id.* At step two, the ALJ found that the child has the following severe impairments: neurodevelopmental disorder/development delay, sensory integration disorder, attention deficit hyperactivity disorder (ADHD), and conduct disorder. *Id.* At step three, the ALJ

found that the child does not have an impairment or combination of impairments that meets, medically equals, or functionally equals any listed impairment. *Id.* Finally, the ALJ found that the child does not have an impairment or combination of impairments that functionally equals a listing. Tr. 16. Accordingly, the ALJ found that the child was not disabled under the Social Security Act. Tr. 26.

The Plaintiff raises the following arguments in this appeal: (1) the ALJ improperly evaluated the child's mental impairments; (2) the ALJ improperly evaluated the child's subjective complaints; and (3) the ALJ erred by finding that the child's impairments did not functionally equal a listing. None of these arguments have merit.

The Plaintiff argues that the ALJ did not comply with the regulations concerning the evaluation of mental impairments. Specifically, the Plaintiff asserts that while ALJ was required to "evaluate the effects of the Plaintiff's mental disorder on each of the four areas of mental functioning, and document the rating of limitation of the whole area of mental functioning, he failed to follow this directive." ECF No. 15-1 at 6. Even assuming that the ALJ erred by not specifically discussing the criteria set forth in paragraph B, the error is harmless. As the Commissioner correctly notes, the analysis required under the regulations is different for children and adults. ECF No. 18-1 at 5-6. For adults, the findings made as part of the paragraph B analysis are also relevant to the ALJ's residual functional capacity analysis (if the claimant does not meet a listing). But ALJs are not required to make RFC determinations for children. Once an ALJ determines that a child has a severe impairment or combination of impairments, their task is limited to deciding whether the child has an impairment or combination of impairments that meets, medically equals, or functionally equals a listing. Here, the ALJ specifically found that the claimant's mental impairments, considered separately and in combination, did not meet or medically equal any relevant listing "because the record does not document extreme limitation of one, or marked limitation of two, of the four areas of mental functioning." Tr. 16. The ALJ's finding in this regard is supported by substantial evidence. *See id.*; *see also* Tr. 19 (explaining that "the records supports less than marked limitations in" the six functional domains, which largely overlap with the four areas of mental functioning). Aside from arguing that the ALJ erred "as a matter of law," the Plaintiff does not explain how the child was prejudiced, nor does she point to evidence that the ALJ considered improperly or failed to consider. Although it is hardly robust, the ALJ's analysis is sufficient for the Court to conduct its review and find that the ALJ's determination that the child did not meet or medically equal any listing is supported by substantial evidence.

The Plaintiff also argues that the ALJ "failed to properly evaluate the time period at issue." ECF No. 15-1 at 6. This argument is belied by the ALJ's decision, which addresses evidence from throughout the relevant time period. The Court rejects the Plaintiff's argument that the ALJ's discussion of the child's improvement with medication was improper. The ALJ properly found that "[w]ith medication, [the child's] ADHD symptoms improve significantly, as does his functioning." Tr. 16; *see also* Tr. 17 (summarizing the child's mother's testimony that the child's performance in school had improved since beginning medication and that "he does not have any complications in school when he is on his medication"). The ALJ's use of this evidence to support the finding that the child did not meet or equal a listed impairment was appropriate. *Barbare v. Saul*, 816 F. App'x 828, 834 (4th Cir. 2020) ("It goes without saying that '[i]f a symptom can be

reasonably controlled by medication or treatment, it is not disabling.'") (quoting *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)).

The Plaintiff's second argument is that the ALJ did not properly consider the child's subjective complaints. Specifically, the Plaintiff argues that the ALJ "erroneously required the Plaintiff to prove the type and degree of his subjective complaints by objective medical evidence, and determined that he had not done so." ECF No. 15-1 at 9. This is not the case. First, the ALJ determined that the child has severe medically determinable impairments. Tr. 15. Second, the ALJ evaluated the intensity and persistence of the symptoms produced by the child's impairments, and considered the extent to which they limit the child's ability "to function independently, appropriately, and effectively in an age-appropriate manner." Tr. 17; 20 C.F.R. § 416.929(c). At the second step of analysis, the ALJ considered all available evidence. And whenever objective medical evidence was not available to substantiate the child's symptoms, the ALJ noted his obligation to "consider other evidence in the record to determine the claimant's functional limitations." Tr. 17.  In a conclusory and unsubstantiated argument, the Plaintiff asserts that the ALJ "specifically rejected the Plaintiff's testimony regarding his subjective complaints on the basis that his complaints were not supported by objective medical evidence." ECF No. 15-1 at 10. In fact, the ALJ considered the child's statements in the context of all of the evidence in the record, including statements from his mother and his teachers, evidence regarding the child's Individualized Education Program, evidence from a consultative psychological examination, evidence from the child's pediatrician, and longitudinal evidence of the child's performance in school. The ALJ's analysis is well supported and logical. The Court finds that the ALJ's consideration of the child's subjective symptoms is supported by substantial evidence. The Plaintiff's argument on this point is without merit.

The Plaintiff's third argument is that the ALJ improperly found that the child's impairments do not functionally equal a listed impairment. ECF No. 15-1 at 11. The Plaintiff argues that the ALJ should have concluded that the child has marked limitations in two functional domains: (1) acquiring and using information, and (2) attending and completing tasks. *Id.* at 12-17.

With regard to the functional domain of acquiring and using information, the ALJ found that the child has a less than marked limitation. Tr. 19-21. In making this finding, the ALJ credited the opinions of the state agency consultants, who found that the child has a less than marked limitation in this domain. Tr. 20. The ALJ also considered the child's response to medication for his ADHD and noted his mother's testimony regarding the child's improved school performance. *Id.* At the same time, the ALJ acknowledged evidence indicating the child's difficulties in this functional domain: his borderline IQ score, his poor performance in school before he began taking ADHD medication, and his difficulties in school even after starting to take his medication. Tr. 21. The Plaintiff repeats some of the same evidence cited by the ALJ but asks the Court to reweigh it and substitute its judgment for that of the ALJ. Ultimately, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). While there is evidence in the record that indicates the child has significant limitations in acquiring and using information,

4

there is substantial evidence that supports the ALJ's finding that the child's limitations in this domain are less than marked. Remand on this basis is not warranted.

Regarding the functional domain of attending and completing tasks, the ALJ found that the child has a less than marked limitation. In reaching this finding, the ALJ again considered evidence of the child's improvement on ADHD medication. The Plaintiff disputes the ALJ's characterization of evidence related to the child's mother's initial reluctance to put the child on ADHD medication. ECF No. 15-1 at 17. While it is not clear that this matters to the Court's review of the ALJ's decision, the Court notes that there is substantial evidence supporting the ALJ's statement that "Dr. Hunsinger's treatment records state that the claimant's mother was unwilling to put the claimant on medication until March 2019." Tr. 22, 742 (stating, in a report dated March 19, 2019, that "in the past mom has been unwilling to put him on [ADHD] medicine," but "[s]he is now willing to try medication"). This is no basis for remand.

The Plaintiff also argues that the ALJ did not give adequate consideration to a June 2019 report from the child's teacher, Tiffany Rivera. ECF No. 15-1 at 17-18. But the ALJ cites this report throughout his opinion. Tr. 19, 21. And contrary to the Plaintiff's argument, the ALJ specifically acknowledged the portion of Ms. Rivera's report stated that the child was "at times, even with adult support, . . . unable to complete academic tasks." Tr. 21. The ALJ's consideration of this report and the findings made in connection with it are supported by substantial evidence.

Finally, the Plaintiff argues that the ALJ erred by rejecting the opinions of the state agency physicians who opined that the child had a marked limitation in attending and completing tasks. ECF No. 15-1 at 18. Even assuming that the ALJ's explanation as to why he only assigned moderate weight to these opinions was improper, any resulting error is harmless. If the ALJ had wholly adopted the opinions of the state agency physicians, the ALJ would have found that the child had a marked limitation in only one functional domain. In order for a child to be disabled on the basis of their impairments being functionally equivalent to a listing, a child must have a marked limitation in two of the functional domains, or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d). Accordingly, this is not a basis for remand.

For the reasons set forth herein, the Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 18) is **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge